**SO ORDERED.**

**SIGNED this 07 day of May, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**JANE PRIDGEN WARD,**

       Debtor.                                              Case No. 05-05333-8-JRL
                                                                    Chapter 7
_____

**JAMES B. ANGELL, Chapter 7 Trustee
for Jane Pridgen Ward,**

       Plaintiff,

v.                                                                       Adv. Pro. No. L-05-310-8-AP

**JANE PRIDGEN WARD,**

       Defendant.
_____

**ORDER**

The matter before the court is the trial of the adversary proceeding. On April 24, 2007, the court conducted a trial at which the defendant, Jane Pridgen Ward, failed to appear.

On December 16, 2005, the Chapter 7 trustee filed a complaint, asserting that Ms. Ward intended to hinder, delay or defraud her creditors by transferring property to her husband within one

1

year of filing her petition. The trustee stated that Ms. Ward's discharge should be denied, pursuant to 11 U.S.C. § 727(a)(2). Ms. Ward filed an answer to the complaint, admitting that she had relinquished certain property pursuant to a separation agreement but denying that she transferred any property with the intent to hinder, delay or defraud her creditors.

The trustee sought to amend his complaint, asserting that he had discovered alternative facts for denial of discharge. The court granted the trustee's motion to amend the complaint. The amended complaint adds an additional count that Ms. Ward's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4) for knowingly and fraudulently making a false oath or account by failing to disclose certain property interests in her petition and at the § 341 meeting. Specifically, the trustee contends that Ms. Ward failed to disclose her ownership of stock, a handgun, a life insurance policy, and her possible ownership of a diamond and sapphire ring. Ms. Ward did not file a response to the amended complaint. The trustee, however, did not move for entry of default or default judgment.

The trial remained as scheduled on the calendar. Ms. Ward received two notices of the trial. On November 19, 2006, the clerk of court served notice of the scheduled trial by first class mail to Ms. Ward's designated address at P.O. Box 1582, North Myrtle, South Carolina 29598-1582. On March 15, 2007, the court was informed that Ms. Ward's address had changed. On March 15, 2007, the court served a second notice of the scheduled trial to Ms. Ward's new designated address at 24 Paisley Lane, Apartment 205, Shallotte, North Carolina 28470. Ms. Ward did not request a continuance of the trial. The court delayed starting the trial for twenty minutes to allow additional time for Ms. Ward to appear. Ms. Ward failed to contact the court regarding her whereabouts, and she failed to appear at the trial.

At trial, the trustee asserted that the debtor's discharge should be denied pursuant to §

727(a)(4) because the debtor had knowingly and fraudulently made a false oath or account by failing to disclose all of her property interests as of the date of filing on her petition or at the § 341 meeting. Because of the debtor's failure to answer the amended complaint and her absence at trial, the court enters a default judgment against Ms. Ward denying her discharge pursuant to § 727(a)(4). Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(b); *see* In re Varney, 81 F.3d 152 (4th Cir. 1996)(affirming order that granted default judgment against the debtor for partial denial of discharge where the debtor failed to appear at the scheduled trial).

END OF DOCUMENT